IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CROM, LLC,

      Plaintiff,

v.                               CASE NO. 1:16-cv-238-WTH-GRJ

PRELOAD, LLC and
PHUONG BACON,

      Defendants.

_____/

## **O R D E R**

On June 1, 2017, the Court conducted a telephonic hearing to address Defendants Preload, LLC and Phuong Bacon's Motion to Compel, ECF No. 44. For the reasons discussed at the hearing, which are fully incorporated into this order, and as summarized below, Defendants' motion to compel is granted in part and denied in part.

## **DISCUSSION**

Phuong Bacon ("Mrs. Bacon") previously worked for Crom LLC ("Crom") as an intern in Crom's Gainesville, Florida office, and later as a full-time staff engineer. When she was initially hired as an intern in 2007, Mrs. Bacon signed a three-year noncompete agreement with no

geographical restrictions. In March 2016, Mrs. Bacon resigned from Crom

and joined Preload, LLC ("Preload"), one of Crom's competitors in the pre-

stressed concrete storage tank industry. Plaintiff alleges that before Mrs.

Bacon resigned she unlawfully downloaded Crom's trade secrets and

proprietary data and thereafter either provided them to Preload or utilized

them in her new job at Preload. Plaintiff brings various claims against

Defendants including, but not limited to breach of Mrs. Bacon's non-

compete agreement, tortious interference by Preload, and unfair

competition.

The discovery deadline in this case was May 31, 2017. (ECF No. 43.)

On May 12, 2017, Defendants filed the instant motion to compel. (ECF No.

45.)  Defendant argues in the motion to compel that Crom failed to produce

a privilege log as required by Fed. R. Civ. P. 26(b)(5). Further, Defendants

point to eight categories of issues pertaining to deficiencies in specific

responses by Crom. Defendants request the Court to enter an order

compelling Crom to provide a privilege log and responsive answers and

document to each interrogatory and request for production. Finally,

Defendants also seek an award of reasonable expenses incurred in

making their motion to compel under Fed. R. Civ. P. 37(a)(5).

## A. Privilege Log

Crom objected to a number of Defendants' requests based on the attorney-client privilege and the work product doctrine. At the time Defendants filed the instant motion to compel, however, Crom had not provided a privilege log as required by Fed. R. Civ. P. 26(b)(5). Shortly after Defendants filed the motion Crom provided a privilege log, which only contained two entries—one pertaining to an in-house counsel memo prepared in anticipation of litigation and one pertaining to the redaction of employee names on noncompete agreements that were also produced. Crom did not include communications between counsel and Crom on their privilege log, nor did Crom include communications between a prior law firm and Crom. Crom argues that any communications between counsel and Crom constitutes work product or are protected by the attorney-client privilege.

To the extent Crom's general claims of attorney-client privilege and work product were raised in response to Defendants' discovery requests, those objections are not appropriate and are stricken. General objections such as these do not inform opposing counsel or the Court as to what documents are being withheld, who created the documents, or to whom the

documents were disseminated. *See* Fed. R. Civ. P. 26(b)(5) (a party

withholding information on the basis of privilege must "describe the nature

of the documents, communications, or tangible things not produced or

disclosed—and do so in a manner that, without revealing information itself

privileged or protected, will enable other parties to assess the claim");

*MapleWood Partners, L.P. v. Indian Harbor Ins. Co.*, 295 F.R.D. 550, 584

(S.D. Fla. 2013) ("Federal courts in Florida sitting in diversity . . . have

rejected blanket claims of attorney-client privilege and have required that

specific detail as to the content of documents and their authors and

recipients be provided in order to permit meaningful judicial review of the

asserted privilege."); *CSX Transp., Inc. v. Admiral Ins. Co.*, No. 93-132-

CIV-J-10, 1995 WL 855421, at *3 (M.D. Fla. July 20, 1995) (conclusory

statements pertaining to the attorney-client privilege and attorney work

product are insufficient). This information is necessary to determine

whether those communications and documents are indeed privileged or

constitute attorney work product.

Accordingly, Defendant's motion is granted to the extent it seeks an

order compelling Crom to produce a privilege log. Crom shall have ten (10)

days to provide Defendants with an updated privilege log that lists all

documents being withheld, including the date created, the type of communication, the person who generated the document, to whom the document was disseminated, and a general description of the subject matter of the communication sufficient to identify its general nature.

## B. Deficiencies in Specific Responses

### 1. Interrogatories and Requests Relating to Crom's Corporate Structure

Mrs. Bacon's interrogatories 1 and 2 and Preload's request for production 4 seek information pertaining to entities that have an ownership interest in Crom, entities and organizations in which Crom has an ownership share or serves as a parent corporation, and organizational charts or documents relating to Crom's ownership and corporate structure. Crom says information regarding its own corporate structure already was disclosed in its Rule 26 disclosures as well as in a prior motion to dismiss. To the extent Defendants seek information pertaining to ownership interest or other entities, Crom argues that information is not relevant because there are no subsidiaries or affiliates involved in this case. Defendants contend, however, that information pertaining to ownership interests and ownership shares is relevant because the noncompete agreement Mrs.

Bacon signed specifically extends to Crom's subsidiaries and affiliates.

Crom's relevancy objections are sustained. Although Crom's corporate structure is not a trade secret, it is not within the scope of discovery because it is not relevant to the claims or defenses in this case. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"). Moreover, Crom already has produced its corporate disclosure statement in accordance with Fed. R. Civ. P. 7.1. (ECF No. 16.) Furthermore, despite the noncompete prohibiting disclosure of confidential information pertaining to Crom as well as any of its subsidiaries or affiliates, there are no subsidiaries or affiliates involved in this case. Accordingly, Defendants' motion to compel with regard to these requests is denied.

## 2.   *Production of Documents Evidencing or Relating to Relevant Communications*

Mrs. Bacon's requests for production 4, 7, 9, 12, and Preload's requests for production 10 and 11 seek information relating to communications pertaining to Mrs. Bacon, her noncompete agreement, Mrs. Bacon's replacement, another former employee, and Preload. Several

days before Crom filed its response to the instant motion to compel,

however, Crom produced electronically stored information ("ESI")

responsive to these requests. Defendants contend, however, that Stephen

Crawford admitted during his deposition that he created written notes

following his discussions with Mrs. Bacon regarding her departure from

Crom. Defendants represent that although other documents were

produced in response to these requests, Mr. Crawford's notes were not

produced. According to Crom, however, these alleged notes do not exist

and document production is complete.

These issues appear to be moot because Crom produced responsive

ESI after Defendants filed the instant motion to compel. Further, whether or

not Mr. Crawford took notes, Crom has searched for these alleged notes

and is unable to locate them. Crom cannot produce what it does not have.

Nonetheless, Crom shall provide a certification statement to Defendants

certifying that (other than production ordered herein) document production

is complete. Accordingly, Defendant's motion to compel pertaining to these

requests is denied as moot.

**3.    *Requests for Documents Allegedly Supporting Crom's Claims***

Mrs. Bacon's requests for production 3 and 17 seek "all documents

supporting, or relating to any of [Crom's] factual claims or defenses," and

"[a]ll documents and/or electronic data that support, refute, or relate to the

allegations in paragraphs 26, 27, 28, 29 of the Amended Complaint."

Defendants claim they still do not know what Crom believes Mrs. Bacon

took that allegedly constitutes proprietary trade secret information. Crom

argues, however, that these requests are overly broad because they do not

request a discrete category of documents that can be identified and

assembled by a layperson.

The Court agrees that these requests are overly broad. Mrs. Bacon's

requests for production 3 and 17 are essentially "contention requests" that

simply refer to claims and various allegations and seek production of

documents related to those claims and allegations. Other districts have

found that requests like these, which sweep entire pleadings or claims,

require the responding party to provide, in essence, a running narrative or

description of the entire case or claim. *See Megdal Assocs., LLC v. La-Z-*

*Boy, Inc.*, No. 14-81476-CIV-ZLOCH, 2016 WL 4503337, at *5–6 (S.D. Fla.

Feb. 1, 2016) (finding defendant's interrogatory asking plaintiff to "identify

all facts and legal bases that tend to support or refute each and every

allegation in the Complaint" to be overly broad because it was not tailored

to any specific claim or allegation and "sweeps in not only material facts, but incidental details, secondary accounts, and trivial tidbits"); *Switch Commc'ns Grp. v. Ballard*, No. 2:11-cv-00285-KJD-GWF, 2011 WL 3957434, at *8 (D. Nev. Sept. 7, 2011); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007). Defendants' motion to compel is therefore denied with respect to Mrs. Bacon's requests for production 3 and 17.

## 4.     *Requests for Forensic Images of Mrs. Bacon's Hard Drives*

Mrs. Bacon's request for production 8 seeks production of forensic images of any hard drives, flash drives, tablets, or phones used by Mrs. Bacon while employed by Crom. Defendants argue the forensic images are necessary because they still do not know what Mrs. Bacon took that allegedly constitutes proprietary trade secrets. They admit receiving the list of files that Mrs. Bacon accessed for the six-month period prior to her departure from Crom, but represent that the list is referenced as an exhibit to a report, suggesting that someone created a forensic evaluation report. Moreover, Crom references a forensic evaluation report in its Complaint. Defendants argue that evidence pertaining to why Crom believes Mrs. Bacon downloaded and took those files with her is vital to Crom's claims.

Crom, on the other hand, strongly opposes this request because

providing forensic images of these items would reveal unrelated confidential information, trade secrets, and proprietary information. Moreover, the vast majority of the information on these items is wholly irrelevant to this case.

The Court agrees with Crom that forensic images are not relevant to this case and that Crom has no obligation under the Federal Rules of Civil Procedure to produce mirror images of hard drives. Defendants are not entitled to that information. Accordingly, Defendants' motion to compel is denied to that extent.

Nonetheless, the forensic evaluation report is relevant because it directly relates to the evidence Crom would presumably rely on to support its claims that Mrs. Bacon impermissibly downloaded certain information prior to leaving Crom and thereafter either utilized the information at her job with Preload or provided the information to Preload. Crom is, therefore, directed to produce a copy of the forensic evaluation report referenced in the Complaint, subject to—if necessary—the parties entering into a protective order pertaining to any confidential information contained within the report.

**5.** **Requests for Documents and Information Relating to the Nature and Location of Crom's Work**

Preload's interrogatory 1 seeks documents and information relating to all projects involving a concrete storage tank or similar device on which Crom submitted a bid or worked on from 2007 to the present. Similarly, Mrs. Bacon's interrogatory 3 requests Crom to identify all the projects Mrs. Bacon worked on during her employment with Crom. Defendants believe this information is necessary to defend Crom's noncompete claims. They assert that the nature of Crom's business activities and the regions where Crom is engaged are at the heart of the dispute in this case.

Crom argues that these interrogatories seek irrelevant information and are overly broad and unduly burdensome. Specifically, Plaintiff says, Defendants' request for information on all projects Crom worked on from 2007 to the present would, in essence, require Crom to compile a list of everything it has done in the past ten years. Moreover, the claims pertain to a specific type of concrete storage tank, yet the requests seek information pertaining to other projects on which Crom has worked. With respect to Defendants' request for information regarding all projects Mrs. Bacon worked on, Crom's system does not track work on unsuccessful bids. Thus, identification of any unsuccessful bids Mrs. Bacon worked on

would be unduly burdensome. Nonetheless, Crom has produced a list of the successful projects Mrs. Bacon worked on during her time at Crom, including the locations of those jobs.

The Court agrees that Defendants' requests are unduly burdensome and are not proportional to the needs of the case because they would require Crom to identify its entire business activities for a decade. The geographic areas in which Crom does business related to these concrete storage tanks is, however, relevant to the geographic scope of Mrs. Bacon's noncompete agreement. Accordingly, Defendants' motion to compel is granted to the extent that Crom shall provide evidence going back three years prior to the date the instant lawsuit was filed identifying those geographic areas where Crom has actively done business related to concrete storage tanks.

**6.    Requests for Information and Documents Relating to Crom's Damages (or Lack Thereof)**

Preload's requests for production 6 and 9, Preload's interrogatory 2, and Mrs. Bacon's request for production 13 seek Crom's financial statements, sales information, profits, and communications with customers that relate to or mention Defendants. Defendants argue this information is necessary because Crom must prove that Defendants have damaged

Crom in some way in order to succeed on any of its claims. Crom objects because at this point the damages are indeterminable. Crom says the dollar amount of its damages depends upon the profit it would have earned from jobs that Crom ultimately lost to Preload since Mrs. Bacon left Crom. Crom, therefore, says it first needs to determine which jobs it lost from Preload to determine the amount of damages.

Defendants' motion to compel with respect to these requests is denied. Crom is not claiming damages related to a change in the financial condition of the company but instead is simply claiming loss of profits from the jobs for which it would have won the bid, but for Defendants conduct. Defendants' requests are therefore not irrelevant to Crom's claim for monetary damages.

Accordingly, the motion to compel pertaining to Crom's damages is denied. Crom is directed, however, to provide to Defendants a list of all jobs it contends it lost out on as a result of the activities alleged in this case, as well as an estimate of what it believes its damages are and any supporting documentation thereof. Furthermore, Crom shall be permitted to supplement this list as the case proceeds in the event that Crom discovers additional projects pertaining to its calculation of damages.

### 7.    *Requests for Qualification Statements for Public Projects*

Preload's request for production 8 seeks any qualification statements that Crom has submitted for a public project within the last six months. Crom objects, arguing that the qualification statements often contain confidential tank design data, which is not publicly disclosed or publicly available. Crom further argues that the information sought is not relevant to the claims or defenses in this case. Defendants counter that many, if not all, of these requested qualification statements are public documents subject to disclosure under the various states' open records acts. Nonetheless, Defendants cannot make the appropriate records requests because Crom has refused to respond to requests for information pertaining to projects it has performed. And even if Defendants could make the open records requests, such would be expensive and overly burdensome.

The Court agrees that Defendants are entitled to discover these statements to the extent they have been filed and publicly available. Accordingly, Defendants' motion to compel is granted regarding their request for qualification statements. Crom shall produce the qualification statements for public projects that were filed and publicly available within the last six months. Crom is only required to produce the information in the

qualification statements that was made publicly available.

### 8. *Requests for Prior Noncompetition Agreements and Information Relating to Former Employees' Noncompetition Agreements*

Preload's request for production 7 and Preload's interrogatories 6 and 7 request copies of all noncompetition and employment agreements executed by any engineers at Crom from 2007 through the present, and information pertaining to former Crom employees that have left the company since 2007. Crom says it has produced an examplar copy of each type of noncompetition agreement it has used since 2007, but that the names have been redacted. Otherwise, Crom contends that the information sought is not relevant or reasonably calculated to lead to the discovery of admissible evidence and/or confidential information. Defendants argue that unredacted copies of the agreements are necessary because the names of employees will allow Defendants to determine what type of duties that employee performed in comparison to Mrs. Bacon, which could aid Defendants in determining the reasonableness of Mrs. Bacon's noncompete agreement. Moreover, Defendants contend that discovering which employees left Crom will allow Defendants to determine whether Crom has a history of making an exception to the enforceability of the noncompete agreements.

Crom's objections are sustained in part. According to Crom, all employees, regardless of their job title, sign the same noncompete agreement. Thus, the names on the noncompete agreements are irrelevant. The noncompete agreement, however, has changed from time to time. Accordingly, the dates upon which the noncompete agreements were signed is relevant. Crom is therefore directed to produce a copy of every noncompete agreement signed by an engineer from January 2007 to the present. Crom may redact the names of the engineers, but not the dates. Furthermore, to the extent an engineer signed more than one noncompete agreement, that information needs to be identified, as well as identifying that certain noncompete agreements are related to the same employee.

The fact that other employees left Crom, however, has no relevance to this case or to Mrs. Bacon's noncompete agreement. Accordingly, Defendants' motion to compel is denied with respect to Preload's interrogatory 6 requesting Crom to identify all former Crom employees who have left Crom from 2007 to the present.

## C.  Reasonable Expenses

Finally, Defendants seek an award of reasonable expenses incurred in making their motion to compel, including attorney's fees. Rule 37(a)(5) of

Case No: 1:16-cv-238-WTH-GRJ

the Federal Rules of Civil Procedure governs awards of expenses and

sanctions in connection with motions to compel. Under Rule 37(a)(5)(C), if

a motion to compel is granted in part and denied in part, the court may

apportion the reasonable expenses for the motion. As the Court explained

at the hearing, both parties' positions had some justification with respect to

the discovery requests and the objections. An award of attorney's fees and

expenses are, therefore, denied.

Accordingly, upon due consideration, it is **ORDERED:**

Defendants Preload, LLC and Phuong Bacon's Motion to Compel, ECF No. 44, is **GRANTED in part and DENIED in part** as explained above. Plaintiff has ten (10) days to produce an amended privilege log, and twenty (20) days to produce all other identified information.

**DONE AND ORDERED** this 2nd day of June 2017.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge